UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### CASE NO.: 16-cv-25070-KMD

HENRY E BILBAO and all others similarly
situated under 29 U.S.C. 216(b),

                     Plaintiff,

vs.

INTERNATIONAL GENERAL SUPPLY,
LLC, CARLOS A PAZ,

                     Defendants,

_____/

### DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR NOT STATING A CLAIM FOR WICH RELIEF CAN BE GRANTED IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT AND FOR NOT JOINING A REQUIRED PARTY

**COMES NOW**, the Defendant, INTERNATIONAL GENERAL SUPPLY LLC, (hereinafter IGS) and CARLOS A PAZ, (hereinafter "PAZ"), by and through the undersigned attorney and pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7), and hereby file this Motion to Dismiss Plaintiff's Complaint, and in support state as follows:

### BACKGROUND

On December 6, 2016 Plaintiff filed a Complaint (Docket #1) for unpaid wages alleging an entitlement under 29 USC §201 et al. On or about January of 2017 Defendants IGS and PAZ were served with the Complaint and shortly after that Defendants requested an extension to respond to same. Defendants response is due on February 9, 2017. Defendants now file a response to the Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I.      THE LEGAL STANDARDS FOR GRANTING A MOTION FOR SUMMARY JUDGMENT AND DISMISSAL UNDER 12(b)(1)

#### A.   Standard for Establishing Subject Matter Jurisdiction

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists"). *The Supreme Court of the United States has specifically held that cooks are not entitled to individual coverage under the Act*, even when they were preparing meals for workers repairing interstate rail tracks. *McLeod v. Threlkeld*, 319 U.S. 491 (1942).

#### B.   Legal Standard for Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). At a minimum,

the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

## THE PLAINTIFF CANNOT ESTABLISH JURISDICTION UNDER THE FLSA, BECAUSE THE PLAINTIFF IS NOT INDIVIDUALLY COVERED AS WELL AS IT HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.  General Analysis

Section 207(a) of the FLSA provides, in relevant part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week. These FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005)

(citing *D.A. Schulte, Inc., v. Gangi,* 328 U.S. 108, 121 (1946) and *Warren-Bradshaw Drilling Co. v. Hall,* 317 U.S. 88, 90 (1942)).

In our case, Plaintiff makes no specific allegations as to what work is done in interstate commerce. The paragraphs in Plaintiff's Complaint make general non specific allegation as to interstate commerce. Specifically, ¶ 11 of Plaintiff's Complaint states "…Plaintiff used phone, internet, and wire communications to perform work for Defendants during his employment. …Plaintiff regularly and daily handled products being shipped to and from businesses inside and outside the State of Florida." In ¶ 12 Plaintiff states "…Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act." In one hand Plaintiff alleges that Defendants provided services and in the same sentence it contradicts himself by saying that Plaintiff worked with goods or materials. ¶ 11 of Plaintiff complaint is even more convoluted and unclear ¶ 11 states "For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005)."

Both ¶11 and ¶12 are nothing more than legal conclusions devoid of any ultimate facts or ground for relief. For example what "goods and materials" were moved in or produce in commerce, what equipment and goods were manufactured and purchase from outside the State of Florida and transported somewhere else. ¶ 9 of Plaintiff complaints keeps on suffering from such vagueness. Specifically, the same formulaic language is use in an attempt to avail herself of the statute giving rise to the jurisdiction of this court. Plaintiff ¶ 9 states "Plaintiff worked for Defendants as a **merchandiser** and **customer representative** from on or about August 1, 2013 through on or about January 6, 2016." A customer representative and merchandiser or it own do not contemplate engagement with interstate commerce more is required of the allegation in order to make Defendants aware of what is being asked to respond or answer too.

"A plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

29 USC §203(i) defines goods as follows "Goods means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof. 29 USC §203(j) defines produced to mean "Produced means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."

Under the first type of FLSA coverage—"individual coverage"—an employee is entitled to time-and-a-half overtime pay as long as he or she is "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207. To determine whether an employee performed such work, a court must focus its inquiry on the activities of the employee and not on the business of the employer. *See Mitchell v. Lublin McGaughy & Assocs.,* 358 U.S. 207, 211 (1959); *see also Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1267-68 (11th Cir. 2006). In *Thorne,* the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce", and thus an employee must be "engaged in commerce", which means he must be "directly participating in the actual movement of persons or things in interstate commerce". *Thorne*, 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." *Kitchings*, 393 F. Supp.2d at 1293 n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York,* 86 F. Supp.2d 280, 287 (S.D. N.Y. 2000) and (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572 (1943)).

Under the second type of FLSA coverage—"enterprise coverage"—an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce and must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

Plaintiff alleges that the overtime provisions of the FLSA apply in this case because his work for Defendants involved the use of goods that traveled in interstate commerce. As to Plaintiff's use of goods that traveled in interstate commerce, it is well-settled that this is not enough to invoke individual coverage under the FLSA. *See Thorne,* 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)); *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, 2005 WL 2862079, *1 (M.D. Fla. 2005) (holding that there was no individual coverage because "[t]he Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an employee 'engaged in commerce' and is thus subject to 'individual coverage' under the FLSA"); *see also Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 526-27 (D. Md. 2006) (citing *Thorne* and rejecting the argument that handling produce from out-of-state demonstrates that a restaurant employee is engaged in interstate commerce). The reason for these decisions is found in long ago decided Supreme Court decisions that clearly hold that the inquiry concerning individual coverage focuses "on the activities of the employee and not on the

business of the employer." *Mitchell v. Lublin McGaughy & Assocs.,* 358 U.S. 207, 211 (1959). The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods for interstate *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 571 (1943). However, Plaintiff's complaint is completely devoid of any facts alleging any of the above requirements for her claim.

Further, because the FLSA manifests the "concern of Congress to avoid undue displacement of state regulation of activities of a dominantly local character . . . [t]he focus of coverage became 'commerce', not in the broadest constitutional sense, but in the limited sense of Section 3(b) of [the FLSA, 29 U.S.C. § 203(b)]: 'trade, commerce, transportation, transmission, or communication among the several States . . . .'" *Marshall v. Whitehead*, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing *Mitchell v. H. B. Zachry Co.*, 362 U.S. 310, 315 (1960)). The corporate Defendant is a purely local, small business with annual gross sales of less than $500,000. This is exactly the sort of local business Congress, in enacting the FLSA, intended to leave to the regulation of the several states. *Jacksonville Paper Co.,* 317 U.S. at 571. commerce. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942). It is clear from the facts of this case that the Plaintiff simply was not involved in any manner in the actual movement of persons or goods in interstate commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA.

## PLAINTIFF HAS NOT JOINED A REQUIRED PARTY

In its complaint Plaintiff has made allegations that he is a covered party under FLSA as he is an individual. In point of fact Plaintiff has never worked for IGS or PAZ in any individual capacity. Plaintiff is the President of H B M INTERNATIONAL CORP. a Florida corporation established since 2006. Plaintiff from 2012 until present has been the uninterrupted owner and President of the corporation. It stands to reason that Plaintiff works and has worked for his corporation at a minimum on an official capacity at all times relevant alleged in the complaint. The allegations in the complaint run counter to the obvious facts that Plaintiff could not have worked for Defendant IGS or controlled by IGS and PAZ as a qualified employee under FLSA.

Federal Rules of Civil Procedure 19(a) (1) states that "(a) Persons Required to Be Joined if Feasible. (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties…" In our case complete relief cannot be accorded between the parties as Plaintiff's employer H B M INTERNATIONAL CORP. is necessary to adjudicate the claims alleged in Plaintiff's complaint.

## CONCLUSION

Wherefore, for the foregoing reasons, the Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction or in the alternative, require Plaintiff to give a more definite statement of her claims as well as require Plaintiff to join H B M INTERNATIONAL CORP. in this action. Respectfully Submitted,

/s/ Hector A. Pena,Esq._____
HECTOR A. PENA, ESQ.
FBN: 25503
Email: hpenalaw@gmail.com

Hector A. Pena, PA
11110 SW 88 Street, Suite 102
Miami, Florida 33176
Tel: (305) 888-4404
Fax: 786-528-6979

Attorney for Defendants *IGS and PAZ.*

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on the 9th day of February, 2017, I electronically, filed the

foregoing document with the Clerk of the Court using, CM/ECF. I also certify that a true and correct

copy of the foregoing and proposed order was e-mailed this 9th day of February, 2017 to: **Rivkah**

**Fay Jaff** (Rivkah.Jaff@gmail.com), **Joshua Howard Sheskin** (jsheskin.jhzidellpa@gmail.com),

**Neil Tobak** (ntobak.zidellpa@gmail.com), **Jamie H. Zidell** (ZABOGADO@AOL.COM) 300

71st Street Suite 605 Miami Beach, FL 33141.

Respectfully Submitted,

                                           Respectfully Submitted,

                                           /s/ Hector A. Pena,Esq._____
                                           HECTOR A. PENA, ESQ.
                                           FBN: 25503
                                           Email: hpenalaw@gmail.com

                                           Hector A. Pena, PA
                                           11110 SW 88 Street, Suite 102
                                           Miami, Florida 33176
                                           Tel: (305) 888-4404
                                           Fax: 786-528-6979