UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-25070CIV-KMW

HENRY E BILBOA and all others similarly )
situated under 29 U.S.C. 216(b), )
 )
               Plaintiff, )
  vs. )
 )
INTERNATIONAL GENERAL SUPPLY, )
LLC., & )
CAROLOS A PAZ, )
 )
              Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DE 18]**

      Plaintiff, by and through Undersigned Counsel, hereby responds in opposition to DE 18 the Defendant's Motion to Dismiss (hereinafter, "Defendants' Motion), moves that the Court deny Defendants' Motion, moves the Court require the Defendants to answer The Complaint [DE 1], and in support of which states as follows;

**Memorandum of Law**

**I: Standard for a Motion To Dismiss an FLSA Case**

      The case law Defendants cite to as to the standard on a motion to dismiss is not FLSA specific. The Eleventh Circuit holds that the standard for a sufficient pleading in an FLSA case is far less detailed than the pleading standards in other types of cases. *See, infra*.

      To state a cause of action upon which relief may be granted under the FLSA the Plaintiff need only allege that he/she was employed by the defendant, the defendant engaged in interstate commerce, and the defendant failed to pay him/her minimum or overtime wages. *See Morgan v.*

1

*Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir.2008); *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373-74 (S.D. Fla. 2016); & *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012).

The Eleventh Circuit holds that the pleading standard for an FLSA claim, that a plaintiff must allege that they were a covered employee who did not receive overtime or minimum wage compensation, is less stringent and far more basic, than the pleading standards set forth in other seminal cases involving motions to dismiss.

> "Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 348 (4th Cir.2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred)"

*Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)

Furthermore, the facts alleged in the complaint only need be enough to raise a reasonable expectation that the discovery will reveal evidence of the required element. *See, Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376 (S.D. Fla. 2012) (Quoting, *Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008).

Additionally, the Court must accept all allegations of the complaint as true in determining whether a plaintiff has stated a claim for which relief may be granted. *See, United States v. Pemco Aeroplex, Inc.,* 195 F.3d 1234 (11th Cir. 1999) (en banc); & *Hishon v. King & Spalding*, 467 U.S.

69 (1984). Furthermore, "…a complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095, at *2 (S.D. Fla. July 13, 2009) (Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Defendants do not cite to Fed.R.Civ.Pro. 12(b)(1) as a basis for their motion, although they argue jurisdiction, they argue for relief under 12(b)(6). The argument Defendants present is an argument attacking the merits of the prima facia case that Plaintiff must prove to prevail on his claim, that he was individually covered by the FLSA or worked for a covered enterprise. It is, hence, not properly the subject of consideration under Fed.R.Civ.Pro. 12(b)(1). *See, infra.* Therefore the extrinsic facts presented in the Defendants Motion, that the Plaintiff had a registered corporate entity should not be considered by the court as it is extrinsic evidence not within the four corners of the complaint. *See, infra.*

The Defendants attack on individual and/or enterprise coverage is an attack on the merits of the pima facia claim the Plaintiff must show record evidence of to survive summary judgment and prevail at trial. The Eleventh Circuit holds that an attack on the merits of a plaintiff's claim may not masquerade as a Fed.R.Civ.Pro. 12(b)(1) motion. *See, McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491 (11th Cir. 1990). Precedent strongly favors that when an attack on jurisdiction is also an indirect attack on the merits of the claim, the court should allow the claim to proceed and be determined based on those merits.

> "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a

3

> direct attack on the merits of the plaintiff's case. The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits."

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)

Hence, the Court should review Defendant's Motion as a Fed.R.Civ.Pro. 12(b)(6) motion and "…the court must only look to the four corners of the Complaint and any attached exhibits," to determine if the complaint validly states a claim that survives dismissal. *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 2014 WL 979065, at *1 (S.D. Fla. Mar. 13, 2014) (internal citation omitted).

## II: Argument

### *A: Interstate Commerce*

The Defendants convoluted attack on the complaint asks this Court to dismiss, first because Defendants contend Plaintiff fails to sufficiently allege FLSA coverage, and, second, that Plaintiff was not employed by the Defendants since he had a corporate registration in his own name. The latter is a denial of the allegations of the complaint and not grounds for dismissal. Paragraphs three and four allege the Defendants employed the Plaintiff, the argument that Plaintiff was not employed by the Defendants is merely an attack on the merits masquerading as a convoluted and ill crafted Fed.R.Civ.Pro. 19(a)(1) argument.

The first attack is one that clearly the Defendants do not understand. The Defendants question how the Plaintiff could allege he performed a service and used materials. The Defendants

4

are clearly unfamiliar that the elements necessary to establish FLSA coverage through the Handling Clause. Those elements were pled sufficiently in paragraphs twelve, thirteen and fourteen to allege enterprise coverage. The Defendants are clearly unfamiliar with *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 127 (11th Cir. 2010), and the Handling Clause.

Hence, Defendants attack on this facially valid allegation of interstate commerce, that it does not m make sense that someone could use a material to perform a service, is Defendants way of showing they don't know the basics of FLSA jurisdiction. The allegation is therefore not cognizably attacked and independently adequate to sufficiently allege enterprise coverage at the motion to dismiss stage.

Although the straightforward and sufficient allegation of enterprise coverage is beyond the understanding of the Defendants, enterprise coverage is sufficiently alleged through The Handling Clause, regardless as to whether the Defendants know what The Handling Clause is. Paragraphs twelve, thirteen and fourteen, of the Complaint [DE 1] are sufficient to overcome the Defendants' Motion.

Paragraph Eleven of the Complaint [DE 1] clearly alleges that the Plaintiff is entitled to individual coverage because he regularly used the instrumentalities of interstate commerce and facilitated the interstate movement of goods to locations such as South America, through use of phone, internet and wire communications. Paragraph Eleven is a very specific allegation of individual coverage under the FLSA. It is pled in more than enough specificity to put the Defendants on notice of the claim against which they must defend, and is enough to overcome the Defendant's Motion. *See, infra.*

The level of specificity in Paragraph Eleven is more than enough to overcome Defendants Motion because, it specifically alleges that Plaintiff moved items through interstate commerce using the instrumentalities of interstate commerce, which instrumentalities and where Plaintiff moved those items.

Furthermore, "In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir.2000) (citing *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir.1999))," and all that is required to survive a motion to dismiss is that the allegation give fair notice to the Defendants of the what the claim is and the grounds upon which it rests. *Ross v. Option One Mortg. Servs., Inc.*, 2008 WL 384440, at *2 (M.D. Fla. Feb. 11, 2008); & See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). Paragraph Eleven pleads the grounds for FLSA coverage by specifying the way Plaintiff facilitated the movement of goods through interstate commerce, and that Plaintiff used the instrumentalities of interstate commerce.

<u>B: The Ill-Fated Fed.R.Civ.Pro. 19(a)(1) Argument</u>

Paragraph Three specifically alleges that the Corporate Defendant was the Plaintiff's FLSA employer, and Paragraph Four specifically alleges that the Individual Defendant was the Plaintiff's FLSA employer because he had operational control over the covered entity.

Whether the Plaintiff had his own corporate entity is wholly irrelevant as to whether he was employed by the Defendants. Many persons have their own corporate entity and are employed by another, including Undersigned Counsel who maintains a corporate entity registered with the state, but is no question an employee of JH Zidell P.A. The Defendants fail to explain how the any corporate entity maintained by Plaintiff, would prevent Plaintiff from working for the Defendant.

6

The Defendants do not even allege what the nature is of the corporate entity registered to Plaintiff, and why its existence would be mutually exclusive with working for the Defendants. The simple question that the Defendants cannot answer is, "why does having a corporate entity registered in the state of Florida prevent someone for working for another individual or corporate entity."

Even if the Defendants meant to allege that they employed the Plaintiff's Corporate Entity rather than the Plaintiff himself, and therefore he was an independent contractor, they did not actually allege same. Same would not rightfully be determined on a motion for summary judgment, and this Court has previously ruled the independent contractor issue more properly addressed on summary judgment. *See, Perez v. Aircom Mgmt. Corp.*, 2012 WL 6811789, at *1 (S.D. Fla. June 26, 2012).

The Defendants do not make a cognizable argument as to why the existence of a Corporate Entity registered in Plaintiff's name is fatal to his claim. Defendants also present no argument as to why if they had properly alleged the Plaintiff was an independent contractor the dispositive Economic Reality Test would fail to prove Plaintiff was an employee of Defendants. *See, Bonet v. Now Courier, Inc.*, 2016 WL 4523844 2016 WL 4523844 at *9 (S.D. Fla. Aug. 25, 2016) (For the contention that the economic reality test is the key determinative factor as to whether an employee is covered under the FLSA, or an independent contractor); *See also, Goldberg v. Whitaker House Co-op., Inc.,* 366 U.S. 28 (1961); *Rutherford Food Corp. v. McComb,* 331 U.S. 722, (1947); & *Altman v. Sterling Caterers, Inc.*, 879 F. Supp. 2d 1375, 1379–80 (S.D. Fla. 2012) (For the contention the Economic Reality Test is determinative).

Furthermore, Fed.R.Civ.Pro. 19(a)(1)'s text is dispositive on the issue;

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.Pro. 19(a)(1).

There is no cognizable argument in Defendants' Motion, that in the absence of the Plaintiff's Corporate Entity the Court cannot afford complete relief amongst the parties, nor that an interest is left unprotected, nor that any party is at risk of incurring multiple or otherwise inconsistent obligations. Hence, joinder of the Plaintiff's Corporate Entity under Fed.R.Civ.Pro. 19(a)(1) is not required.

Furthermore, the Defendants' argument that an FLSA Plaintiff must sue any corporate entity the plaintiff operates, to bring a claim under the FLSA, finds no basis in law or reason. There is absolutely no precedent even allowing someone to sue themselves for an FLSA violation. The notion of requiring someone to sue themselves under the FLSA is ludicrous.

The most analogous case Undersigned Counsel found, in which a similar issue existed of joining a Plaintiff's Corporate Entity, was in The Middle District of Florida in *Trantham v. Am. Cable & Tel., Inc.*, 2009 WL 3299816, at *1 (M.D. Fla. Oct. 13, 2009). The Trantham Court found that none of the requirements for joinder in Fed.R.Civ.Pro. 19(a)(1) made a Plaintiff's Corporate entity a necessary party to Trantham's FLSA claim, even though in Trantham, Trantham's

Corporate Entity directly contracted with the Defendants, which the Defendants in the instant case have not alleged.

### *III: Conclusion: The Complaint is States a Cause of Action Upon Which Relief May be Granted, Properly Pleads Jurisdiction, and it is Ludicrous to Make an FLSA Plaintiff Sue Themselves.*

The Defendants Motion to Dismiss must fail because it makes no cognizable argument for dismissal.

The Plaintiff must plead three things to state a claim entitling him to relief under the FLSA. First that the Plaintiff is employed by the defendant. Second, that the defendant engaged in interstate commerce. Third, that the defendant failed to pay overtime. *See,* Morgan, 551 F.3d 1233, 1277 n. 68. Plaintiff pled all three. *See, supra & infra.*

Paragraphs three, four and nine allege that the Plaintiff was employed by the Defendants, and nine is specific as to when. Paragraphs twelve, thirteen and fourteen, are sufficient to establish enterprise coverage under the Handling Clause. Paragraph Eleven specifically alleges individual coverage including an example of where out-of-state the Plaintiff moved goods, and the tools of interstate commerce he regularly and recurrently used. Paragraph fifteen specifically alleges that Plaintiff was not paid for three-thousand overtime hours by Defendants, which intrinsically alleges Defendants employed Plaintiff and failed to pay him properly under the FLSA. Hence, all three criteria to plead an FLSA claim are present in the complaint. The Plaintiff states a cause of action that entitles him to relief.

The Defendants are on notice that they are alleged to be the Plaintiff's employer, when they employed the Plaintiff, that the Plaintiff is alleging interstate commerce through individual and enterprise coverage, and that the Plaintiff is claiming three-thousand hours of unpaid overtime

at $37.50 per hour. This is sufficient notice to survive a motion to dismiss, whether the Defendants understand the Handling Clause or not. *See, Id; See also,* Freeman, 494 F. App'x 940 & Labbe, 319 F. App'x 761.

The Defendants essentially argue that any Plaintiff with a corporate entity must name said entity in any FLSA suit they bring, and give no analysis as to why Fed.R.Civ.Pro. 19(a)(1) would require same. There is also no analysis as to why Plaintiff cannot maintain a corporate entity and be employed by Defendants at the same time. The Defendants do not allege a relationship between the cause of action and the Plaintiff's Corporate Entity, other than that it existed at the same time as Plaintiff is claiming to have worked for Defendants.

Without any reason, basis, argument nor logic, Defendants come to the completely unfounded conclusion "The allegations in the complaint run counter to the obvious facts that the Plaintiff could not have worked for Defendant IGS or controlled by IGS and PAZ as a qualified employee under FLSA." [DE 18 p. 7]. A conclusion that there is no plausible explanation given for, but the obvious answer to is "why not."

Then the Defendants come to an even more unfounded conclusion. Defendants motion copies the text of Fed.R.Civ.Pro. 19(a)(1), and without explanation, analysis, precedent, nor having previously alleged that the Plaintiff is an employee of his Corporate Entity, the Defendants conclude, "In our case complete relief cannot be accorded between the parties as Plaintiff's Employer HBM Iternational Corp. Is necessary to adjudicate the claims alleged in Plaintiff's complaint." [DE 18 p. 8].

Defendants offer no argument, legal or otherwise, nor logic as to why HBM is not just a corporate entity the Plaintiff registered. There is no relationship alleged by Defendants between HBM and the cause of action. Defendants give no reason why Plaintiff could not have worked for

10

himself through HBM and for the Defendants at the same time. The Defendants give no reason or legal argument as to why not joining HBM stands in the way of affording complete relief to the parties, exposes a party to the possibility of multiple/inconsistent obligations, or impedes a party's ability to protect its interest. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

**WHEREFORE;** Plaintiff, by and through Undersigned Counsel, hereby responds in opposition to DE 18 the Defendant's Motion to Dismiss (hereinafter, "Defendants' Motion), moves that the Court deny Defendants' Motion, and moves the Court require the Defendants to answer The Complaint [DE 1].

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on February 17, 2017.

J.H. Zidell, P.A.

11

 300 71st Street, Suite 605
 Miami Beach, Florida 33141
 Tel: (305) 865-6766
 Fax: (305) 865-7167
 *Attorneys for Plaintiff*

 By: /s/ Joshua Sheskin
 Joshua H. Sheskin, Esq.
 Jsheskin.jhzidellpa@gmail.com
 Florida Bar Number: 93028